## Combs et al. v. Perry Real Estate Company.

(Decided January 24, 1930.)

J. W. CRAFT and MILLER & BOLEYN for appellants.

I. A. BOWLES for appellee.

OPINION OF THE COURT BY JUDGE GRIGSBY—Reversing.

The appellee, J. D. Davis, doing business as Perry Real Estate Company, instituted this action in the Perry circuit court to recover of John L. Combs and Francis Combs $770, alleged to be due as commissions for the sale of a two-story frame building. The plaintiff recovered judgment for the full amount sued for and the defendants appeal.

The petition alleges that on the 17th day of April, 1923, plaintiff entered into a written contract with the defendants, John L. Combs and Francis Combs, by the terms of which he promised and agreed to sell for them certain lands, lying and being in Perry county, Kentucky, for which he was to get commission of 12½ per cent., and also to sell a certain two-story yellow frame building in Lothair, Perry county, Kentucky, on which he was to receive commission of 10 per cent. Plaintiff alleges that he made the sale within the time specified, and carried out fully all the terms of the contract; he filed as an exhibit the alleged contract. The answer was a complete traverse. The only issue presented is the 10 per cent. commission on the two-story building, amounting to $770.

On the trial of this case it developed in the proof that, at the time the written contract was entered into, to wit, on the 17th day of April, 1923, the defendant John L. Combs had not determined to sell the two-story building, but afterwards decided to include that building in the sale, and so advised plaintiff. Plaintiff testified that at the time it was agreed to sell the yellow building the agreement to sell same and the commission which he was to receive was inserted in the original contract; that at the time defendant did not have with him a copy of the original contract, which had been furnished to the defen-

dant at the time it was executed, and consequently this provision was not inserted in the copy of the contract held by defendant. This yellow building was advertised, as shown by the proof, and at the sale at public outcry Jimmie Deaton was the highest bidder, his bid being $7,700. Jimmie Deaton did not comply with the terms of the sale, which provided for the payment of one-third cash and the balance payable in 6 and 12 months, with interest. It appears from the record that on October 24, 1924, defendants executed a deed conveying this property to McKinley Combs and Laura Bell Price, the consideration expressed in said deed being $7,700, of which amount $4,640 is recited to be paid in cash, and the balance being evidenced by two promissory notes, for $1,530 each. Jimmie Deaton died before the trial of this case in the circuit court, and the contention is made by appellee that this bid of $7,700 was for McKinley Combs and Laura Bell Price, and that the deed of date October 24, 1924, was in consummation of the sale which appellee made under the contract.

On the other hand, it is the contention of the appellant that, after this sale at public outcry, he made an effort to get the real estate firm to have Deaton comply with the terms of the sale, and that they failed to do so; that he rented the property to Bee Stidham for $100 per month, and the appellee, Davis consented to said renting; that afterwards he sold the property to Bell Price, who is his daughter, and also the wife of Will Price; that afterwards, to wit, on October 24, 1924, he executed deed to this property to Bell Price and McKinley Combs, a son; that the purchase price was not paid; that suit was instituted to enforce the purchase-money liens; and that he afterwards bid the property in at commissioner's sale. It is the contention of appellant that this sale, afterwards made to Bell Price and McKinley Combs, was not in consummation of the sale made by appellee to Jimmie Deaton.

The defendant by leave of court filed an amended answer, in order to conform to the proof, and alleged that on April 17, 1923, he entered into an oral contract with plaintiff to sell the two-story frame building, known as the ''Yellow House''; that it was bid in by one Jimmie Deaton, who did not, on that date or at any other time, comply with the terms of the sale. In this amended

answer he relied on the five-year statute of limitation as a bar to the plaintiff's right to recover.

Instructions were offered by both plaintiff and the defendants, and were rejected. The court gave the following instructions:

"The court instructs you that if you believe from the evidence in this case, that the defendants entered into a written contract with the plaintiff Perry Real Estate Company, through J. D. Davis, general manager, whereby the said plaintiff agreed with the defendant to sell a two-story building known as the yellow building, for the sum of $7,700, one-third of said sum paid in cash, the remainder to be paid in equal notes bearing date the 17th day of April, 1923, one of said notes to be paid in 6 months and the other in 12 months, then you will find for the plaintiff the sum of $770, the amount sued for herein. And unless you so believe you will find for the defendant.

II. "If all of you agree one sign as foreman, if less than twelve and nine or more, those agreeing must sign it."

Objections and exceptions to the giving of these instructions were taken at the time by appellants.

We are of opinion that these instructions did not correctly present the issue joined, and were erroneous. On another trial of this case, if the evidence is substantially the same, in lieu of the instructions given, the court will give the following instructions:

I. "The court instructs you that, if you believe from the evidence in this case that the defendants entered into a written contract with the plaintiff, Perry Real Estate Company, through J. D. Davis, general manager, whereby the said plaintiff agreed with the defendants to sell a two-story building, known as the yellow building, for the sum of $7,700, and the defendants agreed with said plaintiff so to do, and the defendants further agreed to pay to the plaintiff 10 per cent. on the purchase price of said property, provided said plaintiff sold said property within 60 days after April 17, 1923, for said sum of $7,700, one-third of said sum paid in cash, the remainder to be paid in equal notes bearing date the 17th day of April, 1923, one of said notes to be

paid in 6 months and the other in 12 months, and further believe from the evidence that plaintiff did within 60 days after April 17, 1923, sell the two-story building, known as the yellow building, for the sum of $7,700 to a person or persons then and there able, willing, and ready to pay the purchase price of said property, one-third cash and the remainder in 6 and 12 months, equal installments, bearing interest, then you will find for the plaintiff the sum of $770, the amount sued for herein. Unless you so believe, you will find for the defendants.''

II. ''The court further instructs you that, if you believe from the evidence in this case that Jimmie Deaton bought this property as agent for McKinley Combs and Laura Bell Price, with knowledge of defendants, and thereafter and in consummation thereof defendants later executed their deed to them, then you will find for the plaintiff the sum of $770, the amount sued for.''

III. ''If all of you agree, one sign as foreman; if nine or more and less than twelve of you agree, those agreeing must sign it.''

It is therefore ordered that this case be reversed for proceedings consistent with this opinion.